UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GIOVANNY ALTAMIRANO-BERMEJO,
Petitioner,
v.
MARKWAYNE MULLIN, *et al.*,
Respondents.

Case No. 1:26-cv-06267 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Giovanny Altamirano-Bermejo filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* Dkt. No. 1 at 20. For the reasons that follow, the Court GRANTS the petition in part.

The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner last entered the United States sometime in 2010 and has been living in the country for the last sixteen years. *Id.* at 2; Dkt. No. 7-1 at 3. He does not allege having involvement with immigration authorities between 2010 to his current detention, though he has had several encounters with law enforcement; most recently an arrest for corporal battery in May 2024. Dkt. No. 7-5 at 9; Dkt. No. 7-1 at 4.

On or around July 1, 2026, ICE received a referral with respect to Petitioner's whereabouts. Dkt. No. 7-1 at 2. After issuing an administrative warrant for his arrest, ICE arrested him outside his home on July 12, 2026. *Id.*; Dkt. No. 7-2 at 1. Records submitted by Respondents indicate that Petitioner was served with the warrant at the outset of his arrest along

with a Notice to Appear placing him in removal proceedings and charging him as inadmissible under INA § 212(a)(6)(A)(i). *Id.*; Dkt. No. 7-4 at 1. He was also served with a form titled "Notice of Custody Determination" which included a section for Petitioner to complete to request a custody redetermination hearing before an Immigration Judge. Dkt. No. 7-3 at 1. It appears Petitioner refused to sign and complete the section. *Id.* Since filing the instant petition, counsel for Petitioner contends that she has attempted to file a Motion for Custody Hearing with the Immigration Court on two separate occasions, but that the Immigration Court has not responded to either motion. *See* Dkt. No. 6 at 2–3.

While acknowledging that *Rodriguez Vazquez v. Bostock* held that 8 U.S.C. § 1226(a) controls detention for non-citizens like Petitioner, Respondents oppose habeas relief on the grounds that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)." Dkt. No. 9 at 1; *see Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, at 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). As it has in the past, the Court rejects Respondents' argument and finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under § 1225(b)(2)(A), and otherwise has not been previously detained by immigration authorities or interacted with immigration authorities in any way. Under circumstances where the Government failed to make any showing that they abided by the procedures authorizing detention under § 1226(a), courts have granted immediate release. *See, e.g.*, *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence that Petitioner was arrested with a warrant or that an initial custody determination was made prior to detention); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226(a)); *Crispin M. C. v. Noem*, No. 1:25-CV-

01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Under the circumstances presented here, a prompt bond hearing is proper. Respondents have submitted evidence that they abided by § 1226(a)'s requirements when detaining Petitioner, and have indeed already provided Petitioner with an opportunity to request a bond hearing at the outset of his detention. Additionally, Petitioner's prior criminal history suggests that detention may be proper. Respondents, however, must establish that continued detention is necessary at a bond hearing which Petitioner is statutorily entitled to.

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later on Petitioner's request. Respondents are ordered to file a status report within five days of

the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

**IT IS SO ORDERED.**

Dated: September 17, 2026

VINCE CHHABRIA
United States District Judge